UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CALVIN LEE BROWN,

          Plaintiff,

      v.                                      Case No. 20-cv-0206-bhl

KEVIN CARR, et al.,

          Defendants.

_____

## ORDER
_____

      Plaintiff Calvin Brown, who is representing himself, filed this civil rights lawsuit against 20 defendants with numerous detailed and intertwining allegations. Dkt. Nos. 1 and 9. On October 26, 2020, the Court screened the amended complaint and allowed Brown to proceed with two claims: (1) that defendants Ted Serrano, Paul Kemper, Jason Wells, Stephanie Hove, Michelle Bones, Emily Davidson, and Cindy O'Donnell exposed him to inhumane conditions of confinement at the Racine Correctional Institution (RCI) and (2) that defendants Kevin Carr and Kemper transferred him from RCI to Prairie du Chien Correctional Institution (PDCI) in "retaliation" for his filing a lawsuit in state court about those inhumane conditions of confinement. Dkt. No. 13 at 5-7. The Court dismissed Brown's access to the courts claim, as well as his retaliation claim, against the remaining defendants. *Id*. at 6-7. Brown has since filed two motions to reconsider the screening order, both of which also ask for another opportunity to amend the complaint. S*ee* Dkt. Nos. 21 and 23. And the defendants have filed a motion to dismiss Bones, Davidson, and O'Donnell from the first claim and to dismiss the second claim in its entirety. *See* Dkt. No. 16.

      Brown's first motion to reconsider states that he "disagrees with the court's assessment" in the screening order and would like to proceed with his access to the courts claim. Dkt. No. 21. His second motion to reconsider similarly states that would also like to proceed with his retaliation claim. Dkt. No. 23. The Court will deny the motions because Brown has not identified any manifest error of law or fact in the screening order. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th

Cir. 2008). Brown simply restates the facts and arguments from his original complaint and states that the Court (and the defendants) have misunderstood what he wrote. *See* Dkt. Nos. 21, 23, 25. But Brown's mere disagreement with the Court's analysis of the facts he alleged is not enough to prevail on a motion to reconsider *See Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000).

Regarding his requests to amend the complaint again, the Court need not permit a plaintiff to amend his pleadings where amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Brown's complaint was thorough in its allegations of the facts giving rise to his claims, so the Court finds that further amendment would be futile. The Court advises Brown to move this case forward with the defendants and claims identified in the screening order. Any further motions to amend the complaint will be summarily denied.

The defendants filed a motion to dismiss Bones, Davidson, and O'Donnell from the first claim and to dismiss the second claim in its entirety. Dkt. No. 16. They argue that Bones, Davidson, and O'Donnell are Inmate Complaint Examiners (ICE) who are not liable under §1983 for simply dismissing Brown's inmate complaints and appeals. *See, e.g., Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). But Brown alleges more than just denial of his inmate complaints and appeals. He alleges that these individuals "covered up" the constitutional violations using their position of authority at the institution. Dkt. No. 9, ¶¶32-33. Brown will ultimately need evidence to establish this fact—his speculation is not enough—but his allegation is sufficient to state a claim at this early stage of the litigation.

The defendants also seek to dismiss the second claim in its entirety because transfers within the same security level are not sufficiently "adverse" to deter a person of ordinary firmness from continuing to engage in First Amendment protected activity. They cite *Holleman v. Zatecky*, 951 F.3d 873, 880-82 (7th Cir. 2020) for this proposition and explain that RCI and PDCI are both "medium-security facilities." But the defendants overstate the holding of *Holleman*. The Seventh Circuit specifically explained that district courts must look into the specific conditions that the inmate faced at the new institution, not just the general transfer from one institution to a different institution with the same security classification. *Id.* at 881 ("Our question today is whether the transfer in this case—from one maximum-security facility to another maximum-security facility—was sufficiently adverse."). The Seventh Circuit noted that a "much more restrictive or dangerous environment" can be sufficiently "adverse" to implicate the First Amendment. *Id.* at 882. Brown

2

alleges that PDCI was "much more oppressive" than RCI for a variety of reasons, including restrictive movement, library hours, job loss, the "toxic" (and presumably dangerous) environment, etc. *See* Dkt. No. 9, ¶35. Again, Brown will ultimately need evidence to establish that the conditions were *sufficiently* more oppressive, but the allegation is enough to state a claim at this early stage of the litigation.

**IT IS THEREFORE ORDERED** that the plaintiff's motions to reconsider and to amend/correct the complaint (Dkt. No. 21 and 23) are **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (Dkt. No. 16) is **DENIED.**

Dated at Milwaukee, Wisconsin this 17th day of February, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge