UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN LEE BROWN,

    Plaintiff,

    v.     Case No. 20-cv-0206-bhl

KEVIN CARR, *et al.*,

    Defendants.

# DECISION AND ORDER

Plaintiff Calvin Lee Brown is representing himself in this section 1983 lawsuit. The Court screened Brown's amended complaint on October 26, 2020 and allowed him to proceed with claims against defendants Kevin Carr, Ted Serrano, Paul Kemper, Jason Wells, Stephanie Hove, Michelle Bones, Emily Davidson, and Cindy O'Donnell related to allegations that they violated his First and Eighth Amendment rights. Dkt. No. 13 at 5-7. On March 5, 2021, defendants Bones, Davidson, and O'Donnell filed a motion for partial summary judgment, contending that Brown failed to exhaust administrative remedies with respect to his claims against them. Dkt. No. 31. Brown filed an opposition brief on March 12, 2021 and the defendants filed a reply on March 15, 2021. With the motion fully briefed, the Court grants the motion and dismisses Brown's claims against Bones, Davidson, and O'Donnell.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th

Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Defendants Bones, Davidson, and O'Donnell seek summary judgment based on Brown's failure to exhaust his administrative remedies before suing them. In its prior orders, the Court allowed Brown to proceed with claims against these three defendants based on allegations that they "covered up" the constitutional violations of the other defendants during the inmate complaint review process. Dkt. No. 26. Bones, Davidson, and O'Donnell now proffer Brown's Inmate Complaint History Report, which, they contend, shows Brown never filed an inmate complaint alleging that any of them ever "covered up" constitutional violations of others during the inmate grievance review process as Brown alleges. Dkt. No. 34-1. They insist that this precludes him from proceeding against them on these allegations.

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020) (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006), and *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)).

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code §DOC 310.05. Inmates must file an inmate complaint with the Institution Complaint Examiner ("ICE") within 14 days of the relevant occurrence. Wis. Admin. Code §DOC 310.07(2). An inmate who does not file an inmate complaint has not exhausted administrative remedies. *See e.g. Streckenbach v. Meisner*, 768 F. App'x 565, 569 (7th Cir. 2019) (concluding that the district court "properly" determined that a plaintiff failed to exhaust his remedies against the defendants when he "did not file any inmate complaints against them").

Brown's Inmate Complaint History Report does not show any attempt by Brown to raise grievances against Bones, Davidson, and O'Donnell through the ICRS. Moreover, Brown has not produced any other affirmative evidence to suggest that he did in fact attempt to raise these issues during any administrative proceeding before filing suit. Instead, he references a variety of "exhibits" (none of which are included with his response materials) and reiterates that Bones, Davidson, and O'Donnell reviewed and denied his inmate complaints and appeals. *See* Dkt. Nos. 36, 38-40. He insists that the defendants' denials of his inmate complaints and appeal constitute

"turning a blind eye" and "condoning" the behavior. *See id*. With respect to Bones, Brown argues that he raised the issue of her "hindering the complaint process" when he appealed her decision to the CCE's Office (Davidson) and to the Secretary's Office (O'Donnell). Dkt. No. 39.

Brown has failed to come forward with admissible evidence sufficient to create an issue of material fact on the issue of exhaustion. Brown does not have a constitutional claim against Bones, Davidson, and O'Donnell to the extent he is simply complaining about their roles in denying his inmate complaints and appeal. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As the Court explained in a prior order, to be liable under §1983, complaint examiners must do something more than dismiss a complaint; for example, they must "routinely sen[d] each grievance to the shredder without reading it" or "refuse[] to do their job…leaving the prisoners to face risks that could be averted by faithful implementation of the grievance machinery." *Id*. at 595. Brown satisfied this standard when he alleged that Bones, Davidson, and O'Donnell "covered up" the constitutional violations of others during the inmate complaint review process. But to exhaust his administrative remedies on these claims, Brown was required to file a separate inmate complaint about the *manner* in which Bones, Davidson, and O'Donnell conducted the inmate complaint review process. The original inmate complaint he filed against the other defendants in this case does not, and cannot, exhaust the claims against Bones, Davidson, and O'Donnell because their alleged "cover up" would not have yet occurred at the time he filed the original inmate complaint. Instead, the alleged "cover up" could only have occurred *after* they started reviewing that original inmate complaint. Because the record shows that Brown did not file an inmate complaint about the manner in which Bones, Davidson, and O'Donnell conducted the inmate complaint review process, he has not exhausted his administrative remedies on these claims and cannot proceed against them in this case.

Brown argues that he raised the issue of Bones "hindering the complaint process" when he appealed her decision to the CCE's Office (Davidson) and to the Secretary's Office (O'Donnell). This characterization of his appeal does not satisfy the PLRA's exhaustion requirement. Brown cannot raise an issue about a complaint examiner's misconduct in an appeal of her decision. *See Harris v. Iverson*, No. 16-CV-594-JDP, 2018 WL 1245736, at *4 (W.D. Wis. Mar. 9, 2018), *aff'd*, 751 F. App'x 945 (7th Cir. 2019) (concluding plaintiff was required to file separate inmate complaint about misconduct by ICRS complaint examiners because inmate complaints must be limited to "one issue at a time" and raising issue for first time on appeal is not sufficient to exhaust administrative remedies). Brown was required to file a separate inmate complaint about alleged misconduct by Bones, as well as the other complaint examiners.

Based on the record, the Court is satisfied that Brown did not file any inmate complaints alleging misconduct by Bones, Davidson, and O'Donnell. Brown therefore failed to exhaust administrative remedies with respect to the claims against them. Accordingly, the Court will grant the defendants' motion for partial summary judgment and will dismiss Bones, Davidson, and O'Donnell from this case.

## CONCLUSION

**IT IS ORDERED** that the defendants' partial motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 31) is **GRANTED** and Bones, Davidson, and O'Donnell are **DISMISSED** from this case.

Dated at Milwaukee, Wisconsin this 27th day of April, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge